IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROY BURNETT                                                                                        PLAINTIFF

VERSUS                                                    CIVIL ACTION NO: 2:10cv267KS-MTP

PEARL RIVER BASIN NARCOTICS TASK FORCE;
SHERIFF BERKLEY HALL, INDIVIDUALLY AND AS
SHERIFF OF MARION COUNTY, MS; SO5; SO14; SO502; SO503;
SO504 (all of whom names are unknown) JAMIE SINGLEY,
INDIVIDUALLY AND AS EMPLOYEE OF PEARL RIVER BASIN
NARCOTICS TASK FORCE, HAL KITTRELL, DISTRICT
ATTORNEY FOR MARION COUNTY, MISSISSIPPI and
JOHN DOES A THROUGH Z                                                                     DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion for Summary Judgment **[#17]** filed on behalf of defendant Hal Kittrell.  The court, having reviewed the motion, the pleadings and exhibits on file and being advised that the plaintiff has failed to respond to the motion, and being otherwise fully advised in the premises finds that the motion is well taken and should be granted.  The court finds specifically as follows:

The plaintiff's claims arise out of his June 19, 2007, arrest, and incarceration in Marion County, Mississippi.  Burnett has alleged violations of his rights protected by the United States Constitution and the Mississippi Constitution.  His federal claims are brought under 42 U.S.C. § 1983, however, the Complaint makes no allegations regarding the Mississippi Tort Claims Act ("MTCA"), § 11-46-1 et seq.  Further, Burnett did not file a notice of claim under the MTCA as required by § 11-46-11.

More specifically, Burnett's claims against Kittrell stem from his arrest by Marion

County Sheriff's Deputies and members of the Pearl River Basin Narcotics Task Force and Kittrell's alleged failure to seek his indictment for approximately seventeen months, during which time Burnett alleges he was "incarcerated and unlawfully detained" in the Marion County Detention Center.  With respect to Burnett's false arrest claim, Kittrell asserts that other than the conclusory allegation that the law enforcement officials who arrested him were "acting . . . at the direction and control of Hal Kittrell," the Complaint does not indicate how Kittrell was involved in Burnett's arrest.

The factual basis for Burnett's Fourth Amendment claim arises out of a traffic stop by a Marion County Sheriff's Deputy on June 17, 2007.  On that date, Burnett was driving from Hattiesburg to Columbia with two passengers to make an illegal narcotics transaction.  *See* Exhibit A - Plaintiff's Statement to the Police.  He was pulled over on Highway 98 in Marion County by a Marion County Sheriff's Deputy.  Shortly thereafter, two members of the Pearl River Narcotics Task Force, as well as several other Sheriff's Deputies, arrived at the location on Highway 98 where Burnett's vehicle had been stopped.  Burnett was subsequently arrested and charged with possession of a controlled substance in violation of Mississippi Code § 41-29-139(c).  It is un-refuted that Kittrell had no involvement in or knowledge of either Burnett's arrest or the investigation that led to his arrest.

Burnett subsequently admitted to members of the Marion County Sheriff's Department that the purpose of his trip to Columbia was to deliver crystal methamphetamine to a person there.  On July 26, 2007, Burnett was brought before the Marion County Justice Court for his initial appearance.  At his initial appearance, Burnett waived his preliminary hearing.  At that appearance, the Justice Court Judge set

Burnett's bond at $50,000 and bound him over for action by the Marion County Grand Jury after appointing an attorney to represent him. Burnett was unable to post bond, and thus remained incarcerated in the Marion County Detention Center.

Burnett's case was never presented to Marion County Grand Jury by Kittrell or one of his subordinates during 2007 and 2008. Kittrell has testified that he did not seek Burnett's indictment because his office never received the file relating to Burnett from the Marion County Sheriff's Department. In fact, during the time period that Burnett was incarcerated in the Marion County Detention Center, the evidence shows that neither Kittrell nor anyone in his office was aware that Burnett had been arrested or charged with a crime, let alone that he was being detained without indictment. Indeed, the testimony is that Kittrell did not become aware of Burnett's arrest and detention until he received notice that he had been sued by Burnett and read the Complaint.

On September 8, 2008, Burnett filed a Motion for Writ of Habeas Corpus. On October 10, 2008, the Marion County Circuit Court granted Burnett's Motion and ordered him released from the Marion County Detention Center. Thus, Burnett spent almost seventeen months in jail without being indicted.

Burnett asserts essentially three claims against Kittrell. First, he brings a § 1983 cause of action for a violation of his Fourth, Fifth and Fourteenth Amendment rights in connection with his arrest. Second, he brings a § 1983 cause of action for a violation of his Fourth, Fifth and Fourteenth Amendment rights arising out of his prolonged incarceration without indictment. Third, he brings a tort claim for a violation of his right

to a speedy trial under Section 23 of the Mississippi Constitution.[1]

Kittrell asserts that he is entitled to summary judgment with respect to Burnett's false arrest claim because he did not have any personal involvement in Burnett's arrest and that he is entitled to absolute immunity as to Burnett's § 1983 claim based on his alleged failure to present Burnett's case to the Marion County Grand Jury.  Finally, Kittrell will argue that this Court should grant him summary judgment on Burnett's tort claim because he is immune from liability under the MTCA; Burnett's claim is barred by the one-year statute of limitations; and Burnett failed to file a notice of claim under the MTCA.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FRCP 56(c); and see *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a

---

[1] It appears that Burnett meant to cite Section 26 of the Mississippi Constitution, which provides a right to a speedy trial. Miss. Const. art. 3, § 26.

genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.

*Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **LAW AND ANALYSIS**

Kittrell first asserts that Burnett's false arrest claim is not actionable because there is no evidence that Kittrell was personally involved in his arrest. Under § 1983, "a supervisory official may be held liable . . . only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Texas Dep't of Protective and Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381 (5th Cir.1983). Thus, if a plaintiff "fails to demonstrate a causal connection between the state official's alleged wrongful action" and the violation of his constitutional rights, his § 1983 claim fails. *Reimer v. Smith*, 663 F.2d 1316, 1322 (5th Cir. 1981). Moreover, "[w]ell settled Section 1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. *Mouille v. City of Live Oak, Tex.* 977 F.2d 924, 929 (5th Cir. 1992) (citations omitted).

Burnett appears to seek to hold Kittrell liable in his supervisory capacity for his allegedly wrongful arrest. *See* Compl. at ¶ 10 (alleging that law enforcement officials who arrested him were "acting under color of law at the direction and control of . . . Hal Kittrell"). First, Burnett's false arrest claim against Kittrell is meritless because Kittrell did not have supervisory authority over the Marion County Sheriff's Deputies and members of the Pearl River Basin Narcotics Task Force who arrested him on Highway 98. *See* Miss. Code Ann. §§ 21-31-1 et seq (setting forth the powers, obligations and duties of District Attorneys). Because Burnett was arrested by law enforcement officials who were not Kittrell's subordinates, his attempt to impose liability on Kittrell as a

supervisor must fail.

Second, Burnett's false arrest claim fails as a matter of law because there is no evidence that Kittrell was personally involved or participated in the arrest or the preceding investigation. In fact, Kittrell did not have any knowledge of Burnett's arrest until he learned that he had been named as a defendant in this suit. Burnett's Complaint is devoid of any allegations even suggesting that Kittrell was either personally involved in the arrest or that his acts were causally connected to it. As there is no genuine issue of material fact as to whether Kittrell was in any way connected to the decision to arrest Burnett, he is entitled to summary judgment on Burnett's false arrest claim.

Kittrell next asserts that he is entitled to absolute immunity for his alleged failure to present Burnett's case to the Marion County Grand Jury. "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "It is also well settled that prosecutors are absolutely immune from § 1983 suits for damages when they act within the scope of their prosecutorial duties." *Shaw v. Rogers*, 2007 WL 1562341, at *4 (S.D. Miss. May 29, 2007) (Starrett, J.) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976); *McGruder v. Necaise*, 733 F. Supp. 1146 (5th Cir. 1984)). "[P]rosecutors enjoy absolute immunity from damages liability under section 1983 for alleged civil rights violations committed in the course of 'initiating a prosecution and presenting the State's case.'" *McGruder*, 733 F.2d at 1148 (quoting *Imbler*, 424 U.S. at 431). "In analyzing whether the [prosecutor] is absolutely immune, the court must look to the conduct at issue and then determine if the conduct falls within the

scope of actions that are immune." *Mackey v. Helfrich*, 2010 WL 5805571, at *3 (S.D. Miss. Dec. 13, 2010) (Parker, J.) (citing *Hoog-Watson v. Guadalupe County*, 591 F.3d 431, 438 (5th Cir. 2009)). In other words, if the conduct of the prosecutor is "intimately associated with the judicial phase of the criminal process," he or she is entitled to absolute prosecutorial immunity. *Hoog-Watson*, 591 F.3d at 438 (*quoting Burns v. Reed*, 500 U.S. 478, 486 (1991)). The defendant has the burden of establishing that he was "performing prosecutorial functions." *Id.* at 437, n.6.

Burnett alleges in his Complaint that Kittrell violated his rights to equal protection, due process and a speedy trial under the Fourth, Fifth and Fourteenth Amendments by failing to present his case to the grand jury. Compl. at ¶ 10. Burnett's right to a speedy trial derives from the Sixth Amendment, not the Fourth, Fifth or Fourteenth Amendment. *See* U.S. Const. amend. VI (providing that an "the accused . . . [is entitled] to a speedy and public trial"). Regardless, he does not have a cognizable § 1983 claim against Kittrell for a violation of his right to a speedy trial under the Sixth Amendment because he was never indicted. *See Quinn v. Roach*, 326 Fed. App'x 280, 291 (5th Cir. 2009) ("[P]reindictment delay alone cannot constitute a violation of the Sixth Amendment right to a speedy trial. There can be no violation of the Sixth Amendment right to a speedy trial in the absence of a criminal indictment." (citing *United States v. MacDonald*, 456 U.S. 1, 7 (1982) ("[N]o Sixth Amendment right to a speedy trial arises until charges are pending."); *United States v. Carlock*, 806 F.2d 535, 549 (5th Cir. 1986) ("There is no sixth amendment right to a timely indictment.")).

The crux of Burnett's claim against Kittrell for failing to present his case to the Marion County Grand Jury appears to be that if Kittrell had reviewed his case and

decided whether to seek his indictment, he might not have been incarcerated in the Marion County Detention Center for almost seventeen months. Thus, his real complaint is that Kittrell took too long to determine whether to indict him or cut him loose, which caused him to remain in jail for an unreasonable amount of time. Kittrell is clearly entitled to absolute immunity for any failure on his part to seek Burnett's indictment.

"The decision to file or not file criminal charges is protected by prosecutorial immunity." *Quinn*, 326 Fed. App'x at 292 (citing *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)). In *Quinn*, the plaintiff sought to hold several prosecutors liable under § 1983 for "waiting fifteen months after he was arrested to seek an indictment," while he languished in prison for most of that time. *Id*. The Fifth Circuit held that the defendants were entitled to absolute immunity because the "alleged wrongful act concern[ed] the decision of when and whether to file criminal charges, which clearly falls within the scope of the . . . [d]efendants' prosecutorial duties." *Id*. (citations omitted). In so holding, the Fifth Circuit rejected the plaintiff's "contention that prosecutors are only entitled to prosecutorial immunity when they are engaged in advocacy before a court[.]" *Id*. (citing *Van de Kamp v. Goldstein*, --- U.S. ----, 129 S.Ct. 855, 861-65, (2009); *Imbler*, 424 U.S. at 431 n. 33 ("We recognize that the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom.")).

Similarly, in the instant case, Burnett argues that Kittrell violated his constitutional rights (namely, his right to due process) by waiting too long to procure an indictment. Although Kittrell never had an opportunity to review Burnett's case or make a determination regarding whether to bring his case before the Grand Jury, the doctrine of

absolute prosecutorial immunity shields him from liability for not initiating criminal proceedings against Burnett and any deprivation of Burnett's constitutional rights which flowed from that alleged omission. Burnett simply cannot "establish . . . that . . . [Kittrell] was acting beyond the scope of h[is] prosecutorial authority" in failing to seek his indictment. *Mackey*, 2010 WL 5805571, at *3 (dismissing § 1983 claim against Mississippi Assistant District Attorney on the basis of absolute immunity). Accordingly, Kittrell is entitled to absolute immunity and summary judgment on Burnett's § 1983 claim predicated on his incarceration without indictment.

Finally, Kittrell argues that Burnett's tort claim is barred by the MTCA. The MTCA grants immunity to state government employees "acting within the course and scope of their employment or duties" for claims "[a]rising out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature." Miss. Code Ann. § 11-46-9(1)(a). It also immunizes state officials from claims "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused." *Id.* at §§ (d). The latter provision has been held to apply to the actions of district attorneys taken in the course and scope of their employment. *See Stewart v. District Attorney for Eighteenth Circuit Court District*, 923 So. 2d 1017, 1023-24 (Miss. Ct. App. 2005) (affirming grant of immunity to assistant district attorneys for providing information contained in an indictment to law enforcement officials so that an arrest could be made).

Burnett's tort claim for a violation of his right to a speedy trial under the Mississippi Constitution is also barred by both Mississippi Code § 11-46-9(1)(a) and (d).

-11-

First, his claim arises out of a "judicial inaction":  Kittrell's alleged failure to present his case to the Grand Jury for indictment.  Miss. Code Ann. § 11-46-9(1)(a).  Second, whether to seek an indictment is plainly a "discretionary function" of the District Attorney's office.  *Id.* at (d).  For these reasons, Kittrell is entitled to immunity under the MTCA, and thus summary judgment, on Burnett's state law tort claim.

Additionally, Burnett's claim is barred by the statute of limitations set forth in the MTCA.  Mississippi Code § 11-46-11(3) provides that all actions brought pursuant to the MTCA must be filed "within one year (1) next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based[.]"  Miss. Code Ann. § 11-46-11(3).  Burnett's claim against Kittrell accrued, at the latest, upon his release from the Marion County Detention Center on October 10, 2008.  Yet he did not file his Complaint until June 21, 2010, well over a year after accrual.  Accordingly, Burnett's tort claim is barred by the applicable one-year statute of limitations.

Lastly, because Burnett's speedy trial claim is subject to the MTCA, he was required to file a notice of claim with Kittrell's office ninety days prior to filing suit.  Miss. Code Ann. § 11-46-11(1) (stating that "ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity").  Burnett did not send a notice of claim to Kittrell's office.  Burnett's claim is therefore statutorily barred due to his failure to comply with the notice provision of the MTCA.  *E.g., Clanton v. DeSoto County Sheriff's Dep't*, 963 So.2d 560, 563 (Miss. Ct. App. 2007) (holding that Burnett's claims were properly dismissed because he did not file a notice of claim before filing suit).

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary

Judgment **[#17]** filed on behalf of defendant Hal Kittrell is granted and the Complaint is dismissed with prejudice as to this defendant. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

    SO ORDERED AND ADJUDGED this the 12th day of September, 2011.

                                            *s/Keith Starrett*
                                            UNITED STATES DISTRICT JUDGE